**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES E. THOMPSON, | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2191-TWT-ECS |
| BRIAN OWENS, | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

Former state inmate James Thompson filed a 382-page "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," (A) challenging the constitutionality of his convictions for aggravated stalking and terroristic threats and (B) naming as Respondents Georgia Department of Corrections Commissioner Brian Owens and Georgia Attorney General Samuel Olens. See [Doc. No. 1].

This matter is now before the Court on Mr. Owens' "Motion to Dismiss Petition as Untimely" [Doc. No. 5] and Mr. Olens' "Motion . . . to be Dismissed as an Improper Party Respondent" [Doc. No. 6]. Mr. Thompson has responded to neither motion. Because this Court's Local Rules provide that "[f]ailure to file a response shall indicate that there is no opposition to the motion," LR 7.1B, NDGa., both motions should be granted as unopposed and Mr. Thompson's federal habeas petition should be dismissed.

Furthermore, it is evident that Mr. Thompson waited too long to file his federal habeas petition. Mr. Thompson's state habeas petitions were dismissed as untimely. See [Doc. Nos. 7-2 to 7-5].

"[T]he state court's holding that [the state habeas petition] was time-barred is due deference." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). This means as well that no time was statutorily tolled under 28 U.S.C. § 2244(d). See id. Nor has Mr. Thompson alleged facts that entitle him to equitable tolling of the more than six-year period by which he missed his federal habeas filing deadline. See generally Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (requiring "due diligence" and "some extraordinary circumstance"). For example, Mr. Thompson's own federal habeas petition, which he filed in July 2014, states that he had all the material he needed to state his claims no later than 2012. See [Doc. No. 1 at 8]. Thus, Mr. Thompson's federal habeas petition was plainly untimely filed as well.

And it is clear, too, that Mr. Olens was improperly named as a Respondent because a probationer like Mr. Thompson should name as the Respondents not the state Attorney General, but rather "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." 28 U.S.C. foll. § 2254, Rule 2 advisory committee's notes.

For all of the reasons set forth above, the undersigned **RECOMMENDS** that both Mr. Owens' motion and Mr. Olens' motion be

AO 72A
(Rev.8/82)

**GRANTED** and that Mr. Thompson's federal habeas petition be **DISMISSED**.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because reasonable jurists would not find debatable both (1) the merit of Mr. Thompson's underlying claims, and (2) the procedural issues that he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 7th day of October, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)